UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| LYNNELL E. MCCLOUD, | : | |
| Plaintiff, | : | Civil Action No. 2:20-cv-16357 (JXN)(AME) |
| v. | : | |
| DONNA ASCOLESE, *et al*, | : | OPINION |
| Defendants. | : | |

**NEALS**, District Judge:

This matter comes before the Court on the Motion to Dismiss Plaintiff's Complaint [ECF No. 19] filed by Defendants Donna Ascolese, Patricia Carroll, Alice Izaguirre, Kim Story, and Denise Zbar (collectively, "Defendants"), to which Plaintiff Lynnell E. McCloud ("Plaintiff") filed letters in opposition [ECF Nos. 20, 21], to which Defendants replied [ECF No. 22]. Jurisdiction is proper pursuant to 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391(b). The Court has carefully considered the parties' submissions and decides the matter without oral argument under Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons stated herein, Defendants' Motion to Dismiss [ECF No. 19] is **GRANTED**.

I.   FACTUAL BACKGROUND

Plaintiff is a former employee at Hackensack Meridian Health Pascack Valley Medical Center in Emerson, New Jersey. *See generally* Compl., ECF No. 1. During the course of her employment, Plaintiff alleges that she was "forced to go out on FMLA because a former co-worker called [her] a nasty epithet which led to [her] going on short term disability." *Id.* at 6. Following this incident, Plaintiff alleges that she received an email stating that she resigned. *Id.* Based on

these allegations, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC").  On February 19, 2020, the EEOC issued a Dismissal and Notice of Rights, finding that the EEOC was unable to conclude that the information obtained established violations of the statutes.  ECF No. 1 at 13.  On April 23, 2020, Plaintiff emailed Rosemary Tapia of the EEOC requesting an extension of time to file her lawsuit.  ECF No. 1 at 9.  In the email, Plaintiff states "I am not at the 90 days; however I felt the need to ask for the extension just in case." *Id.*

Nearly nine-months following the issuance of the EEOC's Dismissal and Notice of Rights, Plaintiff commenced this action on November 17, 2020, alleging that Defendants discriminated against her because of her race and disability during her employment with Hackensack Meridian Health Pascack Valley Medical Center in violation of Title VII of the Civil Rights Act ("Title VII") and the Americans with Disabilities Act ("ADA").  *See generally* Compl., ECF No. 1. Defendants have moved to dismiss Plaintiff's Complaint alleging that Plaintiff failed to state a claim upon which relief can be granted, among other reasons.  *See generally* Def.s' Br., ECF No. 19-2.  The matter is now ripe for the Court to decide.

## II.    LEGAL STANDARD

Under Rule 8 of the Federal Rules of Civil Procedure, a pleading is sufficient so long as it includes "a short and plain statement of the claim showing that the pleader is entitled to relief" and provides the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (internal quotations omitted).  In considering a Rule 12(b)(6) motion to dismiss, the court accepts as true all the facts in the complaint and draws all reasonable inferences in favor of the plaintiff.  *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008).

Moreover, dismissal is inappropriate even where "it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *Id.*

While this standard places a considerable burden on the defendant seeking dismissal, the facts alleged must be "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. That is, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* Accordingly, a complaint will survive a motion to dismiss if it provides a sufficient factual basis such that it states a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). In order to determine whether a complaint is sufficient under these standards, the Third Circuit requires a three-part inquiry: (1) the court must first recite the elements that must be pled in order to state a claim; (2) the court must then determine which allegations in the complaint are merely conclusory and therefore need not be given an assumption of truth; and (3) the court must assume the veracity of well-pleaded factual allegations and ascertain whether they plausibly give rise to a right to relief. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010).

### III.    DISUCSSION

A plaintiff bringing an employment discrimination claim under Title VII or the ADA must exhaust federal administrative remedies by, among other things, initiating a court action within ninety days after receipt of a "right-to-sue" letter from the EEOC. *See Williams v. E. Orange Cmty. Charter Sch.*, 396 F. App'x 895, 897 (3d Cir. 2010) (citing 42 U.S.C. § 2000e–5(e)(1); 42 U.S.C. § 12117(a) (adopting Title VII enforcement scheme and remedies for ADA). Here, the EEOC issued the right-to-sue letter on February 19, 2020. ECF No. 1 at 13. Although Plaintiff does not state when she received the letter, attached to Plaintiff's Complaint is an April 23, 2020 email to Rosemary Tapia of the EEOC requesting an extension of time to file a lawsuit. ECF No. 1 at 9. In the email, Plaintiff states "I am not at the 90 days; however I felt the need to ask for the

extension just in case." *Id.* Thus, it appears that Plaintiff received the EEOC's right-to-sue letter by no later than April 23, 2020. Therefore, Plaintiff had until Wednesday, July 22, 2020, to file her lawsuit. Plaintiff did not file her Complaint, however, until November 17, 2020. Plaintiff has cited no basis for equitably tolling the limitations period.[1] Thus, Plaintiff's Title VII and ADA claims are time-barred. *See Williams*, 396 F. App'x 895, 897 (affirming the district court's dismissal of the plaintiff's Title VII claim as time-barred because the plaintiff initiated her lawsuit after the ninety-day deadline expired). Accordingly, Plaintiff's claims are hereby dismissed with prejudice.[2]

IV. **CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss [ECF No. 19] is **GRANTED**. An appropriate Order accompanies this Opinion.

DATED: November 30, 2022

s/ Julien Xavier Neals
**JULIEN XAVIER NEALS**
United States District Judge

---

[1] As the Honorable Madeline Cox Arleo, U.S.D.J., noted in her December 7, 2020 Order, Chief Judge Wolfson issued Standing Order No. 2020-12, which extended certain civil filing deadlines in light of the pandemic but did "not toll or extend any applicable statutes of limitations," *see* Standing Order 2020-20 ¶¶ 6, 12, available at https://www.njd.uscourts.gov/sites/njd/files/SO2012.pdf ; *see also Murray v. Newark Hous. Auth*, No. 20-10501, 2020 WL 6580920, at *2 (D.N.J. Nov. 10, 2020) ("[T]he existence of the COVID-19 crisis did not absolve [pro se] Plaintiff of her obligation to timely file her [ADA] suit.").

[2] Defendants also contend that Plaintiff's Complaint should be dismissed because neither Title VII nor the ADA provide for individual liability, and because Plaintiff failed to properly serve Defendants in accordance with Fed. R. Civ. P. 4. Because the Court will dismiss Plaintiff's Complaint with prejudice as time-barred, the Court will not address Defendants' remaining arguments.